COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Ortiz

VANESSA CAISON

v.      Record No. 1436-20-4

CULPEPER COUNTY DEPARTMENT
  OF SOCIAL SERVICES

                                                          MEMORANDUM OPINION[*]
VANESSA CAISON                                                   PER CURIAM
                                                           OCTOBER 12, 2021
v.      Record No. 1437-20-4

CULPEPER COUNTY DEPARTMENT
  OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                                Dale B. Durrer, Judge

          (Angela H. Williams; Bowman & Harper, PLC, on brief), for
          appellant.

          (Shelia Jane Weimer, Senior Assistant County Attorney; Christian A.
          Brashear, Guardian *ad litem* for the minor children, on brief), for
          appellee.


        Vanessa Caison (mother) appeals the circuit court's orders terminating her parental rights to

two of her minor children.[1] Mother argues that the circuit court erred in finding that the Culpeper

County Department of Social Services (the Department) offered her reasonable and appropriate

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] This Court previously reversed and remanded the matter to the circuit court after ruling
that the court had active and potential jurisdiction over the appeals from the juvenile and
domestic relations district court. See Culpeper Cnty. Dep't of Soc. Servs. v. Caison, Nos.
0867-19-4, 0900-19-4, 0901-19-4, 0902-19-4 (Va. Ct. App. Jan. 28, 2020). These appeals
concern the hearing on remand.

services, that she was unwilling or unable to remedy the conditions leading to the placement of the children in foster care, and that the termination was in the best interest of the children.[2]  Upon reviewing the record and the briefs of the parties, we conclude that these appeals are without merit. Accordingly, we summarily affirm the decision of the circuit court.  See Rule 5A:27.

BACKGROUND[3]

"On appeal from the termination of parental rights, this Court is required to review the evidence in the light most favorable to the party prevailing in the circuit court," in this case the Department.  Yafi v. Stafford Dep't of Soc. Servs., 69 Va. App. 539, 550-51 (2018) (quoting Thach v. Arlington Cnty. Dep't of Hum. Servs., 63 Va. App. 157, 168 (2014)).

Mother is the biological parent of J.C. and D.C., who are the subjects of these appeals.[4]  The Department became involved with the family in February 2017, after receiving "reports of concern for the well-being of the children."  On March 6, 2017, the Department responded to a report alleging the abuse or neglect of the children.  The Department found mother under the influence of phencyclidine (PCP) and incapacitated.  The Department interviewed mother, who admitted to using PCP that morning.  Mother indicated she had no family members or other support system to

---

[2] Mother also appealed the circuit court's permanency planning orders approving the foster care goal of adoption; however, the Court dismissed those appeals because the notices of appeal were not timely filed.  See Caison v. Culpeper Cnty. Dep't of Soc. Servs., Nos. 0191-21-4, 0192-21-4 (Va. Ct. App. May 21, 2021).

[3] The record in these cases was sealed.  Nevertheless, the appeals necessitate unsealing relevant portions of the record to resolve the issues mother has raised.  Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case.  The remainder of the previously sealed record remains sealed."  Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[4] Mother has a total of four children.  One child, D.G., is the subject of another appeal. See Caison v. Culpeper Cnty. Dep't of Soc. Servs., No. 0674-21-4.  Mother has another child who is in the custody of that child's paternal grandmother.

assume care of the children. The Department took J.C. and D.C., who were eight and three years old, respectively, into custody.[5] The Culpeper County Juvenile and Domestic Relations District Court (the JDR court) entered emergency removal orders and preliminary removal orders. The JDR court subsequently adjudicated that J.C. and D.C. were abused or neglected and entered dispositional orders.

The Department offered mother services aimed at remedying the conditions in her home so that the children could return to her custody. These services included supervised visitation, weekly contact with a family services specialist, case management, a parental capacity evaluation, parental coaching, referral for a substance-abuse evaluation and treatment, referral to Narcotics Anonymous, and referrals and information for financial assistance. Additionally, the guardian *ad litem* sent a letter to mother outlining the Department's foster care plan. The letter listed each service the Department offered to help mother remedy the issues that caused the children to be placed in foster care.

Initially, mother progressed toward the Department's goals by completing a psychological and parenting evaluation with Dr. A. James Anderson. Dr. Anderson, an expert in clinical psychology, diagnosed mother with major depression, schizoid behavior, abuse or neglect of a child, PCP use disorder, and non-compliance with substance abuse treatment. Mother admitted to Dr. Anderson that she smoked "two to three PCP-laced cigarettes sporadically and sometimes every other day" for several years. Dr. Anderson found that mother's responses to the parent awareness skills survey indicated that "[mother] has difficulty handling a variety of hypothetical child-rearing scenarios in such a way as to protect the health, safety, and welfare of [the] children spoken of in the hypotheticals."

---

[5] On December 18, 2018, the Culpeper County Juvenile and Domestic Relations District Court (the JDR court) terminated the parental rights of both J.C.'s and D.C.'s fathers. Neither father appealed the JDR court's termination orders.

Mother also participated in supervised visitation and intensive therapeutic parenting. During one supervised visitation, mother used corporal punishment on J.C., which resulted in a suspension of her visitation rights. The Department notified mother that legal action would be taken if she engaged in similar conduct in the future. Around the same time, D.C. refused future visitations with mother. D.C.'s therapist diagnosed her with post-traumatic stress disorder. Her therapist noted that D.C. improved greatly during counseling, especially after refusing to attend visitations with her mother.

Mother never participated in a substance abuse treatment program, and she struggled to remain substance-free. Mother repeatedly tested positive for illegal substances. On May 11, 2018, mother was arrested for possession of PCP and incarcerated.

By June 2018, the Department determined that mother failed to effectively utilize the services and skills offered, notably with respect to visitation and substance-abuse screening. The Department found that mother was "rigid and unwilling to try to [use] the new skills offered . . . [and she] ha[d] been closed minded and judgmental regarding any suggestion offered." Consequently, the Department moved to terminate mother's parental rights to J.C. and D.C. On December 18, 2018, the JDR court terminated mother's parental rights.

Mother appealed to the circuit court, which heard the case *de novo* on October 23, 2020.[6] At the hearing, D.C.'s therapist opined that attempting to reunite D.C. with mother would be very difficult based on D.C.'s relationship with mother and the fact that she had not been in mother's custody for over three years.

---

[6] The circuit court entered the final orders on November 23, 2020, and mother filed the transcript for the circuit court hearing on February 5, 2021. We find that the transcript was filed late and, therefore, is not part of the record. See Rule 5A:8(a). The record, however, includes the judge's letter opinion summarizing the testimony from the hearing, the court's factual findings, and its legal analysis and conclusions.

- 4 -

Mother admitted that she was using drugs the day the children were taken into care but asserted that the children were healthy when they entered foster care. She acknowledged, however, that she failed to remedy the cause for the children's removal within a twelve-month period. Mother did not know when her pending criminal charges would be resolved or when she would be released from incarceration. She acknowledged that on November 9, 2018, she pleaded guilty to possessing a Schedule I or II substance. Mother also acknowledged that she was subsequently convicted for assault and battery on a law enforcement officer. At the time of the circuit court hearing, mother was awaiting trial for a probation violation and possession of a Schedule I or II substance.

The circuit court accepted the testimony of the Department's witnesses and found that mother was "unable to substantially remedy her substance abuse issues since the placement of the children in foster care." Finding it to be in the children's best interest, the court terminated mother's parental rights to J.C. and D.C. under Code § 16.1-283(C)(2). These appeals followed.

ANALYSIS

Mother argues that the circuit court erred in terminating her parental rights to J.C. and D.C. "On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Castillo v. Loudoun Cnty. Dep't of Fam. Servs., 68 Va. App. 547, 558 (2018) (quoting Logan v. Fairfax Cnty. Dep't of Hum. Dev., 13 Va. App. 123, 128 (1991)). "Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Fauquier Cnty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 190 (2011) (quoting Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20 (1986)).

Mother failed to timely file transcripts from the circuit court hearing or a written statement of facts in lieu of a transcript. See Rule 5A:8. Assuming without deciding that mother preserved her arguments for appeal, we hold that the circuit court did not err in terminating her parental rights under Code § 16.1-283(C)(2).

Code § 16.1-283(C)(2) states that a court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed 12 months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

"[S]ubsection C termination decisions hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes." Yafi, 69 Va. App. at 552 (quoting Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 271 (2005)).

First, mother argues that the circuit court erred because it failed to offer her reasonable and appropriate services. Mother argues that the Department failed to follow Dr. Anderson's recommendations to provide her with "as few providers as possible given [mother's] functioning." She contends that the Department "made 'referrals' but did not aid [her by] managing what she was supposed to do."

"'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case. Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court." Harrison v. Tazewell Cnty. Dep't of Soc. Servs., 42 Va. App. 149, 163 (2004) (quoting Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 338 (1992)). The Department "is not required to force its services upon an unwilling or disinterested parent." Tackett v. Arlington Cnty. Dep't of Hum. Servs., 62 Va. App.

296, 323 (2013) (quoting Harris v. Lynchburg Div. of Soc. Servs., 223 Va. 235, 243 (1982)); see also Logan, 13 Va. App. at 130.

The Department and the guardian *ad litem* reviewed with mother the services that she needed to complete. The Department offered numerous services to her, including referrals for Narcotics Anonymous and substance abuse treatment, which she did not complete. In fact, mother tested positive for narcotics while the children were in foster care. She pleaded guilty to one charge of possession of a controlled substance. Another possession charge remained unresolved at that time.

Moreover, the Department was not required to offer mother services while she was incarcerated. See Harrison v. Tazewell Cnty. Dep't of Soc. Servs., 42 Va. App. 149, 163-64 (2004). This Court has held that "[i]t would be patently unreasonable to require the Department, under such circumstances, to continue to offer services." Id. "[A]s long as [s]he was incarcerated, the Department would have had no avenue available to offer [mother] services aimed at assisting [her] in regaining custody of the child." Id. at 164.

The circuit court reviewed the required services as well as mother's participation, or lack thereof, in those services. It found that mother's substance abuse was a driving force in this matter, yet she had "not successfully availed herself of any of the services of the Department" before her incarceration. We conclude that the circuit court did not err in finding that the Department offered mother reasonable and appropriate services.

Second, mother argues that the circuit court erred in finding that she was unwilling or unable to remedy the circumstances leading to the children's placement in foster care. Mother asserts that she was willing and able to remedy those issues, but because of her abilities, her situation, and COVID-related delays, the timeline imposed on her was "unreasonable." However, mother had not complied with the Department's services and was incarcerated for

periods of time while the children were in foster care. The circuit court found that the children "should not be required to wait indefinitely for [mother] to remedy the issues that caused removal from the home." The circuit court had an adequate basis for finding that mother was unwilling or unable to substantially remedy these conditions.

Finally, mother argues that the circuit court erred in finding that termination of her parental rights was in the best interests of the children. She argues that the Department "made referrals but offered no services to mend the parent/child [sic] relationship prior to [her] incarceration." In addition, mother asserts that the Department failed to allow contact between her and the children after her incarceration and then used the lack of relationship to terminate her parental rights.

The circuit court found, in contrast, that "[t]he minor children [were] progressing better in foster care than in mother's care." The court considered that the children had been in foster care for 1,327 days, while mother was incarcerated with no clear release date and no timeframe for resolving her pending criminal charges. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Tackett, 62 Va. App. at 322 (quoting Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540 (1990)).

Contrary to mother's arguments, clear and convincing evidence supports the circuit court's rulings. The circuit court did not err in finding that it was in the children's best interests to terminate mother's parental rights and that the evidence was sufficient to support termination under Code § 16.1-283(C)(2).

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.